UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY HELM and
LINDA HELM,

    Plaintiffs,                                      Case No. 15-cv-12394
                                                      Hon. Matthew F. Leitman

v.

FREEDOM MORTGAGE CORPORATION and
LOANCARE, LLC,

    Defendants.
_____/

**<u>OPINION AND ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #24); (2) ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION, AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF #15)</u>**

Following the foreclosure and Sherriff's sale of their house, Plaintiffs Rodney Helm and Linda Helm filed this action in Lapeer County Circuit Court against Defendants Freedom Mortgage Corporation ("Freedom") and LoanCare, LLC ("LoanCare"). Defendants removed the case to this Court on July 2, 2015. (*See* ECF #1.)

On January 20, 2016, Plaintiffs filed an Amended Complaint that includes five counts: wrongful foreclosure (Count I); fraudulent misrepresentation (Count II); slander of title (Count III); declaratory relief due because the foreclosure was barred by unclean hands (Count IV); request for conversion to judicial foreclosure (Count

1

V). (*See* Am. Compl., ECF #14.) Count I includes five separate sub-claims: (A) unlawful initiation of foreclosure proceedings while Plaintiffs were being considered for foreclosure alternatives; (B) failure to publish notice of the sale or adjournments of the sale; (C) violation of "Regulation X," 12 C.F.R. § 1024.41, *et seq.*; (D) violation of the Truth in Lending Act, 15 U.S.C. §1601, *et seq.*; (E) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, by not giving Plaintiffs written notice that the servicing of their loan and/or mortgage was sold or transferred, as required by 12 U.S.C. § 2605(b), and by not responding to Plaintiffs' Qualified Written Request for more information regarding the servicing of their loan, as required by 12 U.S.C. § 2605(e)(2) ("Section 2605(e)(2)"). (*Id.*)

On February 3, 2016, Defendants moved to dismiss all of the counts in the Amended Complaint (the "Motion"). (*See* ECF #15.) In a Report and Recommendation dated September 7, 2016 (the "R&R"), the assigned Magistrate Judge recommended that the Court dismiss all of Plaintiffs' claims other than Plaintiffs' claim under Section 2605(e)(2) of RESPA for Defendants' failure to respond to Plaintiffs' Qualified Written Request. (*See* ECF #24 at 11, Pg. ID 953.) Section 2605(e)(2) requires that a servicer of a federally related mortgage respond to a Qualified Written Request within 30 days.[1] *See* 12 U.S.C. § 2605(e)(2). The

---

[1] A Qualified Written Request is "a written correspondence" that "includes, or otherwise enables the servicer [of a mortgage loan] to identify, the name and account

2

Magistrate Judge concluded that the claim under Section 2605(e)(2) should not be dismissed because Plaintiffs adequately pleaded in the Amended Complaint that: (1) Plaintiffs sent LoanCare a Qualified Written Request on June 15, 2015; (2) On June 19, 2015, LoanCare acknowledged that it received the Qualified Written Request; and (3) Plaintiffs did not receive a substantive response to their Qualified Written Request from LoanCare. (ECF #24 at 11, Pg. ID 943.)

Plaintiffs did not object to the R&R.  Defendants filed a single objection (the "Objection") to the portion of the R&R recommending against dismissal of Plaintiffs' claim under Section 2605(e)(2). (*See* ECF #25.)  Defendants argue that Plaintiffs have failed to adequately plead damages under Section 2605(e)(2).[2] (ECF #25 at 10-13, Pg. ID 965-68.)

---

of the borrower" and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding the information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). In their objections, Defendants do not dispute that the correspondence sent by Plaintiffs on June 15, 2015 was a Qualified Written Request.

[2] In passing, Defendants also argue that the claim under Section 2605(e)(2) should be dismissed because the Qualified Written Request was made after expiration of the Plaintiffs' redemption period, and is therefore, "not related to the foreclosure procedure itself." (See ECF #25 at 8, Pg. ID 963.)  The Court also rejects this argument.  Defendants fail to explain why Section 2605(e)(2) requires that a Qualified Written Request be sent prior to the expiration of a borrower's redemption period or requires that a Qualified Written Request be "related to the foreclosure procedure itself." Defendants cite a single case in support of their argument, Conlin v. Mortgage Elec. Registration Sys., 714 F.3d 355 (2013), but this case does not interpret or analyze a claim under Section 2605(e)(2). (See ECF #25 at 8, Pg. ID 963.)

This Court reviews de novo the portions of the R&Rs to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3).

In support of their argument, Defendants cite two unpublished opinions of this court that held that a plaintiff must allege *actual* damages when pleading a RESPA violation. (*Id.* at 10-12, Pg. ID 965-967.) Defendants assert that Plaintiffs did not plead actual damages in the Amended Complaint, and instead only sought damages for "emotional distress, indignity and humiliation." (*Id.* at 11, Pg. ID 966.) However, Defendants fail to address the Sixth Circuit's published opinion in *Marais v. Chase Home Finance LLC*, 736 F.3d 711 (2013). In *Marais*, the 6th Circuit cautioned against dismissing claims under 12 U.S.C. 2605(e) "on the basis of inartfully-pleaded actual damages." *Id.* at 722. *See also*, *Mellentine v. Ameriquest Mortg. Co.*, 15 Fed. App'x. 419, 424-25 (6th Cir. 2013); *Houston v. U.S. Bank Home Mortg. Wis. Servicing*, 505 Fed. App'x. 543, 548 (6th Cir. 2012). Defendants make no attempt to reconcile their attack on Plaintiffs' alleged damages with the Sixth Circuit's decisions in these cases.

Here, Plaintiffs allege that they "suffered damages as a result of Defendants' above-referenced misconduct, including but not limited to … emotional distress, indignity, humiliation [and] various costs and attorney fees." (Am. Compl. at 21, Pg. ID 338.) Plaintiffs use of the phrase "above-referenced misconduct" should be read to include Defendants' violation of Section 2605(e)(2). Thus, Plaintiffs have

4

sufficiently pleaded that they suffered actual damages as a result Defendants' violation of Section 2605(e)(2).

Accordingly, the Court **OVERRULES** the Objection, **ADOPTS** the Magistrate Judge's recommended disposition, **DENIES** the Motion with respect to Plaintiffs' claim under 12 U.S.C. §2605(e)(2) and **GRANTS** the Motion in all other respects.

                                                  s/Matthew F. Leitman  
                                                  MATTHEW F. LEITMAN  
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 20, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2016, by electronic means and/or ordinary mail.

                                                  s/Holly A. Monda  
                                                  Case Manager  
                                                  (313) 234-5113