UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY HELM and
LINDY HELM,

    Plaintiffs,                                Case No. 15-cv-12394
                                                    Hon. Matthew F. Leitman
v.

FREEDOM MORTGAGE
CORPORATION and LOANCARE, LLC,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT (ECF #33)

On May 21, 2015, Plaintiffs Rodney Helm and Linda Helm filed this action in the Lapeer County Circuit Court against Defendants Freedom Mortgage Corporation ("Freedom") and LoanCare, LLC ("LoanCare"). (*See* ECF #1-2.) The Helms alleged, among other things, that the Defendants wrongfully foreclosed on their home. (*See id.*) Defendants removed the case to this Court on July 2, 2015. (*See* ECF #1.)

On January 20, 2016, the Helms filed an Amended Complaint that included five counts: wrongful foreclosure (Count I); fraudulent misrepresentation (Count II); slander of title (Count III); declaratory relief due because the foreclosure was barred by unclean hands (Count IV); request for conversion to judicial foreclosure (Count

1

V). (*See* Am. Compl., ECF #14.)  Within the wrongful foreclosure claim, the Helms raised a number of sub-claims, including that LoanCare violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), when it allegedly (1) failed to provide the Helms notice that the servicing of their loan and/or mortgage was sold or transferred as required by 12 U.S.C. § 2605(b) and (2) failed to respond to the Helms' Qualified Written Request for more information regarding the servicing of their loan as required by 12 U.S.C. § 2605(e)(2) ("Section 2605(e)(2)"). (*See id.* at ¶¶ 158-164, Pg. ID 344-45.)

On February 3, 2016, Defendants filed a motion to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF #15.)  The assigned Magistrate Judge then issued a Report and Recommendation (the "R&R") in which she recommended that the Court grant the motion as to all claims except the Helms' claim "for monetary damages based on LoanCare's failure to respond to a Qualified Written Request" as required by Section 2605(e)(2). (R&R, ECF #24 at Pg. ID 943.)  Over LoanCare's objection (*see* ECF #25), the Court entered an Order on December 20, 2016, adopting the R&R, denying the motion to dismiss with respect to the Helms' RESPA claim under Section 2605(e)(2), and granting the motion to dismiss in all other respects. (See ECF #30.)

Discovery has now closed, and LoanCare has now moved for summary judgment on the sole remaining REPSA claim. (*See* ECF #33.) For the reasons explained below, the motion is **GRANTED**.[1]

# I

LoanCare argues that it is entitled to summary judgment under Federal Rule of Civil Procedure 56. A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52. Indeed, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Id.* at 255.

---

[1] Pursuant to Local Rule 7.1(f)(2), the Court concludes that oral argument is not necessary and would not aid its decision on LoanCare's motion.

## II

LoanCare first argues that "Plaintiff Lindy Helm has no standing to bring a RESPA claim under 12 U.S.C. § 2605(e) because she is not a borrower on the loan." (LoanCare Mot., ECF #33 at Pg. ID 1066.) In support of this argument, LoanCare directs the Court to authority which holds that "a spouse who was not a party to her partner's loan or mortgage lacks [standing] to bring a RESPA [] claim." *Britt v. Flagstar Bank, FSB*, 2011 WL 6941710, at *4 (E.D. Mich. Oct. 27, 2011), recommendation adopted at 2012 WL 12804 (E.D. Mich., Jan. 4, 2012). The Court has also found authority in this circuit that supports LoanCare's argument. *See Cooper v. Fay Servicing*, 115 F.Supp.3d 990, 908-09 (S.D. Ohio. 2015) (holding that wife lacked standing to bring RESPA claim because "12 U.S.C. § 2605 specifies that civil liability under RESPA is limited to borrowers" and wife "did not sign the note or loan application modification"); *Mitchell v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 1094671, at *2 (W.D. Mich. Mar. 30, 2012) (dismissing RESPA claims brought by plaintiff for lack of standing where plaintiff was not a "signatory to the mortgage and note at issue").[2]

---

[2] *See also Johnson v. Ocwen Loan Servicing*, 374 Fed. App'x 868, 874 (11th Cir. 2010) (dismissing complaint, which included a RESPA claim, where plaintiff "was not a party to the [underlying] loan and, therefore, lacked standing to bring any claim based on that loan").

4

Lindy Helm has not responded to LoanCare's standing argument or presented any basis for the Court to conclude that she has standing in this case. Accordingly, in light of the authority cited above, and in the absence of any counter-authority or argument presented by Lindy Helm, the Court will grant LoanCare summary judgment with respect to Lindy Helm due to her lack of standing.

**III**

LoanCare next argues that it is entitled to summary judgment against Rodney Helm because he has not established that he suffered actual damages. (LoanCare Mot., ECF #33 at Pg. ID 1068-78.) The Court agrees.

"Actual damages is an element of any claim under RESPA § 2605," *Wyler v. Bank of Am.*, 2011 WL 5361077, at *3 (W.D. Mich. Nov. 7, 2011),[3] and LoanCare is entitled to summary judgment because it has demonstrated that Rodney Helm has no evidence that he suffered actual damages form the alleged RESPA violation. LoanCare issued discovery requests to Rodney Helm in which LoanCare asked him

---

[3] *See also Langley v. Chase Home Fin., LLC*, 2011 WL 1150772, at *10 (W.D. Mich. Mar. 11, 2011) (citing *Eronini v. JP Morgan Chase Bank NA,* 368 Fed. App'x 841, 842 (9th Cir. 2010) (holding that the district court properly dismissed the plaintiff's complaint for failure to state a claim for a violation of RESPA because plaintiff suffered no damages as required under § 2605(f), which allows the recovery of "actual damages") and *Mekani v. Homecomings Fin., LLC*, 752 F.Supp.2d 785, 795 (E.D. Mich. 2010) ("Even if the Court were able to conclude that Plaintiff has adequately alleged that Defendant's responses were somehow inadequate, Plaintiff's RESPA claim fails for the additional reason that Plaintiff has alleged no actual damages attributable to Defendant's alleged failure to respond.").

5

to identify and produce any evidence that he suffered damages as a result of the alleged RESPA violations. (*See* ECF #33-16 at Pg. ID 1208.) In response, Rodney Helm failed to identify any evidence of damages. (*See id.*) Instead, Rodney Helm directed LoanCare to documents that he attached to his discovery responses, but none of the documents contain (or are) evidence that he suffered any damages. (*See id.* at Pg. ID 12111-1236.) Because Rodney Helm lacks evidence of damages, his RESPA claim fails as a matter of law.

Rodney Helm resists this conclusion on two grounds, but neither is persuasive. First, he argues that the Court's earlier ruling denying Defendants' motion to dismiss the RESPA claim is *res judicata* and precludes entry of summary judgment in LoanCare's favor on that claim. This argument lacks merit. A ruling denying a motion to dismiss under Rule 12(b)(6) does not preclude entry of summary judgment under Rule 56 because, among other things, the rules address different issues. A motion under Rule 12(b)(6) attacks the sufficiency of a plaintiff's *allegations*; a motion under Rule 56 attacks the sufficiency of a plaintiff's *evidence*. Thus, a ruling denying a motion to dismiss under Rule 12(b)(6) says nothing about whether the defendant may later be entitled to summary judgment under Rule 56. *See, e.g.*, *Partrich v. Farber*, 2009 WL 4947913, at \*8 (E.D. Mich. Dec. 14, 2009) (rejecting argument that because court denied motion to dismiss court was precluded from granting defendant summary judgment on same claim).

Second, Rodney Helm contends that the Court should deny summary judgment because he has "pled a proper claim" and because there are "genuine issues [of] disputed facts." (Helm Resp. Br., ECF #40 at Pg. ID 1300.) But whether Rodney Helm has pleaded a proper claim has no bearing on whether LoanCare is entitled to summary judgment under Rule 56. And while Rodney Helm says that there are genuine issues of disputed fact, he has not identified any evidence that could create such a dispute. Indeed, Rodney Helm neither attaches to his response, nor directs the Court to, any evidence at all. Under these circumstances, there are plainly no material factual disputes that require resolution by a jury.

## IV

For the reasons explained above, **IT IS HERBY ORDERED** that LoanCare's motion for summary judgment (ECF #33) is **GRANTED**.

Dated: February 2, 2018

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 2, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764