UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY HELM and
LINDY HELM,

    Plaintiffs,                              Case No. 15-cv-12394
                                                  Hon. Matthew F. Leitman
v.

FREEDOM MORTGAGE CORPORATION and
LOANCARE, LLC,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF #45)

By order dated February 2, 2018 (the "Summary Judgment Order"), the Court granted Defendant LoanCare, LLC's motion for summary judgment on the claim by Plaintiffs Rodney and Lindy Helm that LoanCare failed to respond to the Helms' Qualified Written Request for information regarding the servicing of their mortgage loan as required by 12 U.S.C. § 2605(e)(2) ("Section 2605(e)(2)"). (*See* ECF #43.)[1] In the Summary Judgment Order, the Court held that the Helms' Section 2605(e)(2) claim failed because (1) Lindy Helm "had not responded to LoanCare's [argument that she lacked standing to assert a claim under that statute because her name was not on the mortgage] or presented any basis for the Court to conclude that she has

---

[1] The Court had previously dismissed all of the Helms' other claims. (*See* ECF #30.)

1

standing in this case" and (2) Rodney Helm had "not established that he suffered actual damages" as a result of LoanCare's alleged violation of Section 2065(e)(2). (*Id.* at Pg. ID 1322-23.)

The Helms have now filed a timely motion for reconsideration of the Summary Judgment Order. (*See* ECF #45.) For the reasons that follow, the Helms' motion for reconsideration is **DENIED**.

# I

On a motion for reconsideration, a movant must demonstrate that the court was misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997). The movant must also show that the defect, if corrected, would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to rehash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *See Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

# II

The Helms purport to identify two palpable defects in the Summary Judgment Order. Neither persuades the Court to reconsider its initial ruling.

**A**

The Helms first argue that Lindy Helm does have standing to bring a claim under Section 2605(e)(2). According to the Helms, Lindy has standing because "while the expiration of the redemption period has serious consequences for Plaintiffs' legal rights, the Court retains the power to rescind the foreclosure sale -- even after the expiration of the redemption period -- if the sale itself was invalid based on a showing of fraud or irregularity." (Mot. for Reconsideration, ECF #45 at Pg. ID 1334.)

This argument is a non-sequitur. It does not address the standing analysis in the Summary Judgment Order. Instead, it addresses some *other* standing question neither raised by LoanCare's motion nor ruled upon by the Court. Indeed, LoanCare argued that Lindy Helm did not have standing because she was not a party to the mortgage, and it cited the Court to authority holding that "a spouse who was not a party to her partner's loan or mortgage lacks [standing] to bring a RESPA [] claim." *Britt v. Flagstar Bank, FSB*, 2011 WL 6941710, at *4 (E.D. Mich. Oct. 27, 2011), recommendation adopted at 2012 WL 12804 (E.D. Mich., Jan. 4, 2012). The Helms' argument on reconsideration does not address LoanCare's argument, its authority, or any of the additional case law that the Court cited on this point in the Summary Judgment Order. (*See* Summary Judgment Order, ECF #43 at Pg. ID 1322.) The

Helms have therefore not persuaded the Court that it palpably erred when it held that Lindy Helm lacked standing to bring a claim under Section 2605(e)(2).

**B**

The Helms next argue that there is evidence that they suffered actual damages as a result of LoanCare's alleged violation of Section 2605(e)(2). More specifically, the Helms insist that "they have established that they suffered actual damages in the case at bar in the amount of over $25,000, which include[s] … Medical bills in the amount of over $25,000 …. which were upon information and belief caused by the [Section 2605(e)(2)] violation … [and] various cost and legal fees in the amount of over $5,000." (Mot. for Reconsideration, ECF #45 at Pg. ID 1335.) This argument fails for three reasons.

First, as noted above, "Motions for Reconsideration cannot be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Chirco v. Gateway Oaks, LLC*, 2006 WL 2056546, at *1 (E.D. Mich. 2006). The evidence that the Helms have submitted consists of their own medical and legal bills. (*See* ECF ## 45-2 – 45-4.) And the Helms have not provided any explanation or justification as to why they did not submit this evidence in response to LoanCare's summary judgment motion. The Court will therefore not consider the evidence at the reconsideration stage.

Second, the Helms have not provided an affidavit connecting the medical bills to the Section 2605(e)(2) claim that was the subject of the Summary Judgment Order. Simply put, the Helms have not presented any evidence that the medical treatment they received resulted from, or related in any way to, LoanCare's alleged Section 2605(e)(2) violation.

Finally, the Helms have not cited any authority for the proposition that attorney fees can be recovered as "actual damages" under Section 2605(e)(2).

Accordingly, for all of these reasons, the Helms have not persuaded the Court that it palpably erred when it held that Rodney Helm failed to establish that he suffered actual damages as a result of LoanCare's alleged Section 2605(e)(2) violation.

## III

For all of the reasons stated above, IT IS HEREBY ORDERED that the Helms' Motion for Reconsideration (ECF #45) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: February 21, 2018 UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 21, 2018, by electronic means and/or ordinary mail.

s/Amanda Chubb for Holly A. Monda
Case Manager
(313) 234-2644